UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

KELVIN FORD,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Civil Action No. 20-12241 (RBK)

**OPINION**

KUGLER, United States District Judge:

Petitioner is a federal prisoner currently incarcerated at FCI Otisville, in Otisville, New York. After receiving authorization from the Third Circuit, (ECF No. 1-2), he is proceeding *pro se* with a second or successive motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255. (ECF No. 1.) Respondent filed a motion to dismiss this matter for failure to state a claim, (ECF No. 3), and Petitioner filed an Opposition, (ECF No. 9). For the reasons discussed below, the Court will grant Respondent's motion dismiss and deny Petitioner's motion to appoint counsel as moot.

### I.    BACKGROUND

This case arises from Petitioner's participation in two bank robberies in New Jersey. As the Third Circuit summarized:

> According to the evidence established at Ford's trial, on June 11, 2003, Ford, Donald Johnson, and Christopher Howard robbed the Fleet Bank in Mays Landing, New Jersey, stealing $9,802. On June 12, 2003, the trio robbed the Commerce Bank in Somers Point, New Jersey, absconding with $10,330. The Government presented evidence that during the Fleet Bank robbery, Howard cased the bank, and Ford and Johnson committed the robbery and then fled to a getaway car driven by Howard. The robbery of the Commerce Bank was executed in a similar fashion, except that Howard only cased the bank, Johnson alone committed the robbery, and Ford drove the getaway car.

> [. . . .]
>
> There is no dispute that as Johnson fled the Commerce Bank, Ford, who was driving out of a fast food restaurant, stopped to pick him up. Before Ford was able to collect Johnson, however, he hit another vehicle whose driver was able to identify Ford's automobile. Ford's car was later spotted by a police officer in Egg Harbor Township as it pulled into a car dealership parking lot. Ford and Johnson left the vehicle and fled on foot. While they hid, Ford used his cell phone to contact Howard. Ford and Johnson were seen running through a wooded area, and police pursued them, apprehending both. A search of Ford revealed that he had $2,967 in cash. The police recovered $7,376 from Johnson. The currency stolen from the Fleet Bank branch was not recovered.

*United States v. Ford*, 481 F.3d 215, 216–17 (3d Cir. 2007).

After a trial, the jury found Petitioner guilty of two counts of bank robbery in violation of 18 U.S.C. § 2113(a), and two counts of knowingly and willfully possessing and brandishing a firearm during the two robberies, in violation of 18 U.S.C. § 924(c)(1)(A)(i) and § 924(c)(1)(C)(i), respectively. All four counts included aiding and abetting as an alternative theory of liability, pursuant to 18 U.S.C. § 2. The verdict, however, was general as to each count, so one cannot determine whether the jury convicted Petitioner as an accomplice or as a principal. (*United States v. Ford*, Crim. No. 04-562, ECF Nos. 28, 103.) Ultimately, this Court sentenced Petitioner to an aggregate term of 460 months in prison, (*United States v. Ford*, Crim. No. 04-562, ECF No. 60.), and the Third Circuit affirmed on direct appeal. *Ford*, 481 F.3d 215.

Thereafter, Petitioner filed his first § 2255 motion, arguing among other things, that federal bank robbery under § 2113(a) cannot serve as a predicate for § 924(c). *See Ford v. United States*, 2011 WL 705607, at *4–5, 8 (D.N.J. Feb. 18, 2011). This Court denied the motion and did not issue a certificate of appealability. *Id*. at *8. Petitioner filed various other motions to challenge his judgment, and this Court denied those motions. *Ford v. United States*, 2012 WL 4434734, at *4 (D.N.J. Sept. 24, 2012); *Ford v. United States*, 2011 WL 2147967, at *3 (D.N.J. May 26, 2011).

In June of 2020, the Third Circuit granted Petitioner's request to file a second or successive § 2255 motion under § 2255(h)(2), in light of *United States v. Davis*, 139 S. Ct. 2319 (2019). (ECF No. 1-2.)  In September of 2020, Petitioner filed the instant § 2255 Motion, arguing that his § 924(c) convictions are no longer valid because: (1) his convictions for § 2113(a) bank robbery cannot serve as § 924(c) predicates because they do not constitute crimes of violence after *Davis*, and (2) aiding and abetting someone else's use of a firearm cannot constitute a crime of violence under § 924(c).

## II.     STANDARD OF REVIEW

Under 28 U.S.C. § 2255, a motion to vacate, set aside or correct a sentence of a person in federal custody, entitles a prisoner to relief if "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).  When considering a § 2255 motion, a district court "must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record." *United States v. Tolliver*, 800 F.3d 138, 141 (3d Cir. 2015).  A district court must *sua sponte* hold a hearing on the motion "'if the files and records do not show conclusively that [the movant] was not entitled to relief.'" *Id.* (quoting *Solis v. United States*, 252 F.3d 289, 294 (3d Cir. 2001)).

## III.    DISCUSSION

### A. Jurisdiction

As a preliminary matter, the Court must first assess whether it has jurisdiction over this case because this is a second or successive § 2255 motion. *See* 28 U.S.C. §§ 2244(a), 2255(h). Although the Third Circuit granted Petitioner's request to file this second or successive § 2255

motion, this Court must still determine whether his claims meet the requirements of § 2244. 28 U.S.C. § 2244(b)(4) ("A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section.").

Applying that standard here, the Court finds that it has jurisdiction because Petitioner's "claims rely on the rule announced in *Davis* and it is plausible on the face of" the Motion that the Court sentenced Petitioner under the now void residual clause. *Herrera-Genao v. United States*, No. 16-3786, 2020 WL 2520281, at *3–4 (D.N.J. May 18, 2020). As a result, the Court may address the merits of Petitioner's claims. *In re Matthews*, 934 F.3d 296, 301 (3d Cir. 2019) ("Whether the Petitioners' crimes fall under the elements clause or the challenged residual clause is itself a merits inquiry.").

**B. Merits**

Turning then to the merits, Petitioner argues that his § 924(c) convictions are no longer valid because: (1) his convictions for § 2113(a) bank robbery cannot serve as § 924(c) predicates because they do not constitute crimes of violence after *Davis*, and (2) aiding and abetting someone else's use of a firearm cannot constitute a crime of violence under § 924(c).

Generally, § 924(c) prohibits the use or carrying of a firearm "during and in relation to any crime of violence or drug trafficking crime." 18 U.S.C. § 924(c)(1)(A). Prior to the Supreme Court's decision in *Davis*, the statute defined a "crime of violence" as a felony that:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). In *Davis*, the Supreme Court held that the "residual clause," § 924(c)(3)(B), was unconstitutionally void for vagueness. *Davis*, 139 S. Ct. at 2336. The "elements clause," § 924(c)(3)(A), however, remains valid. *United States v. Walker*, 990 F.3d 316, 324 (3d Cir. 2021).

"Accordingly, an offense is now a 'crime of violence' within the meaning of the statute only if it meets the definition contained in the elements clause, § 924(c)(3)(A)." *Id*. Once again, the elements clause defines a crime of violence as "an offense that is a felony and – has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). Additionally, the Supreme Court held that courts should use the categorical approach "when deciding whether a conviction is a crime of violence under the elements clause." *Walker*, 990 F.3d at 324 (citing *Davis*, 139 S. Ct. at 2328). To apply the categorical approach in the present case, this Court "must ask whether the minimum conduct punishable" as § 2113(a) bank robbery qualifies as a crime of violence under the elements clause of § 924(c). *See id*.

In *United States v. Wilson*, 880 F.3d 80 (3d Cir. 2018), the Third Circuit held that the minimum culpable conduct under § 2113(a), unarmed bank robbery by intimidation, qualifies as a crime of violence under U.S.S.G. § 4B1.2's elements clause, which is "nearly identically worded" to the elements clause of § 924(c)(3)(A). *Id*. at 83, 85 (citing *United States v. Hopkins*, 577 F.3d 507, 511 (3d Cir. 2009)).

The Third Circuit explained that "[w]hether the theft of money from a bank involved intimidation is determined under an objective standard and from the victim's perspective, *i.e.*, whether an ordinary person in the . . . teller's position reasonably could infer a threat of bodily harm from the defendant's acts." *Id*. at 85 (internal quotation marks omitted). Consequently, the Third Circuit "concluded that robbing a bank by intimidation," the minimum culpable conduct

under § 2113(a), involves the "the use, attempted use, or threatened use of physical force against the person of another." *Id*.

Although *Wilson* analyzed § 2113(a) bank robbery through the elements clause of § 4B1.2 of the Sentencing Guidelines, this Court finds that the Third Circuit's reasoning applies equally to § 924(c)'s elements clause. *See id*. at 83.  As the Third Circuit noted, because the definitions of "crimes of violence" are sufficiently similar under the Sentencing Guidelines and § 924(c)(3)(A), courts generally apply "authority interpreting one . . . to the other." *Id*. (quoting *Hopkins*, 577 F.3d at 511) ("It is not a new question, though, because seven of our sister circuits have had to address this question and have concluded that bank robbery by intimidation does indeed qualify as a "crime of violence" under § 4B1.2(a)(1) or the nearly identically worded "elements" clause of . . . 18 U.S.C. § 924(c)(3)(A).").

Additionally, in *United States v. Johnson*, 899 F.3d 191, 204 (3d Cir. 2018), the Third Circuit concluded, in *dicta*, that § 2113(a) bank robbery by intimidation, would qualify as a "crime of violence under the § 924(c) elements clause."  (explaining that Johnson was convicted under § 2113(d), rather than § 2113(a), but that even if he were correct, the Court would have held that § 2113(a) bank robbery qualifies as a crime of violence).

Other Circuit Courts of Appeal have arrived at the same conclusion. *See, e.g.*, *United States v. Hendricks*, 921 F.3d 320, 327–28 (2d Cir. 2019) (holding that bank robbery under 18 U.S.C. § 2113(a) qualifies as a crime of violence under § 924(c)(3)(A)); *Estell v. United States*, 924 F.3d 1291, 1293 (8th Cir. 2019) (same); *United States v. Watson*, 881 F.3d 782, 786 (9th Cir. 2018) (same); *United States v. Deiter*, 890 F.3d 1203, 1213–14 (10th Cir. 2018) (same); *Hunter v. United States*, 873 F.3d 388, 390 (1st Cir. 2017) (same).

Accordingly, for all of those reasons, this Court will apply the Third Circuit's reasoning in *Wilson* and conclude that Petitioner's bank robbery convictions pursuant to § 2113(a), "qualify as crimes of violence under the elements clause" of § 924(c)(3)(A). *Herrera-Genao*, 2020 WL 2520281, at *4; *see also Wilson*, 880 F.3d at 83–85. As a result, Petitioner's "§ 924(c) convictions and sentences remain valid in spite of *Davis*." *Herrera-Genao*, 2020 WL 2520281, at *4.

Turning then to Petitioner's second claim, Petitioner contends that aiding and abetting bank robbery does not constitute a crime of violence. Consequently, according to Petitioner, because the jury entered general verdicts, this Court must vacate his § 924(c) convictions because the Court cannot conclude whether the jury convicted him as an accomplice or as a principal. (*See generally United States v. Ford*, Crim. No. 04-562, ECF Nos. 28, 103.)

Although the Third Circuit has not yet issued a precedential opinion on the subject, the Third Circuit held in *United States v. McKelvey*, that aiding and abetting a crime of violence "qualifies as a crime of violence under the elements clause of 18 U.S.C. § 924(c)(3)(A)." *United States v. McKelvey*, 773 F. App'x 74, 75 (3d Cir. 2019) (addressing aiding and abetting in the context of Hobbs Act robbery). In *McKelvey*, the Court reasoned that "it does not matter whether McKelvey was convicted as a principal or as an aider and abetter. . . because, under the aiding and abetting statute, a person who 'aids, abets, [or] counsels' the commission of a federal offense 'is punishable as a principal.'" *Id*. (quoting 18 U.S.C. § 2).

As a result, "[a]iding and abetting is not a separate crime, but rather an alternative charge that permits one to be found guilty as a principal for aiding . . . someone else to commit the crime." *Id*. (internal quotation marks omitted). Consequently, the Court held that a "conviction for aiding and abetting is therefore treated as a conviction for the crime." *Id*.; *see, e.g., United States v. Hrynko*, No. 10-105, 2021 WL 3209891, at *2 (E.D. Pa. July 29, 2021).

Other Circuit Courts of Appeal that have addressed the issue have arrived at the same conclusion. *See, e.g.*, *United States v. Richardson*, 948 F.3d 733, 742 (6th Cir. 2020) (addressing aiding and abetting Hobbs Act robbery); *Kidd v. United States*, 929 F.3d 578, 581 (8th Cir. 2019) (addressing § 18 U.S.C. § 2118(a) armed robbery); *United States v. Garcia-Ortiz*, 904 F.3d 102, 109 (1st Cir. 2018) (addressing Hobbs Act robbery); *United States v. Deiter*, 890 F.3d 1203, 1214–16 (10th Cir. 2018) (addressing § 2113(a) bank robbery); *In re Colon*, 826 F.3d 1301, 1305 (11th Cir. 2016) (addressing Hobbs Act Robbery); *see also United States v. Brayboy*, 789 F. App'x 384, 385 (4th Cir. 2020) (addressing Hobbs Act robbery); *Johnson v. United States*, 774 F. App'x 334, 334–35 (8th Cir. 2019) (addressing § 2113(a) and § 2113(d) bank robbery); *United States v. Grissom*, 760 F. App'x 448, 454 (7th Cir. 2019) (addressing Hobbs Act robbery).

In light of this wealth of precedent, this Court agrees with the Third Circuit's reasoning in *McKelvey* and concludes that it is irrelevant whether the jury convicted Petitioner as an aider and abettor or as the principal. *McKelvey*, 773 F. App'x at 75; *United States v. Green*, 467 F. Supp. 3d 252, 257 (M.D. Pa. 2020). Either way, our jurisprudence treats him "as having personally committed the substantive offense of [§ 2113(a)] bank robbery." *See Green*, 467 F. Supp. 3d at 257 (addressing aiding and abetting armed bank robbery).

As discussed above, this Court concludes that the substantive offense of § 2113(a) bank robbery qualifies as a crime of violence under § 924(c)'s elements clause. Accordingly, assuming *arguendo* that the jury convicted Petitioner of bank robbery on an aiding and abetting theory, those convictions would still qualify as predicate offenses under § 924(c)'s elements clause. For all of those reasons, Petitioner's claims lack merit, and the Court will grant Respondent's motion to dismiss.

## IV. CERTIFICATE OF APPEALABILITY

The Court must assess whether a certificate of appealability should issue. A litigant may not appeal from a final order in a proceeding under 28 U.S.C. § 2255 without a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability shall not issue unless there is a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Based on the discussion above, reasonable jurists would not find it debatable that Petitioner's claims lack merit. Consequently, the Court will not issue a certificate of appealability.

## V. CONCLUSION

For the foregoing reasons, the Court will grant Respondent's motion to dismiss and deny Petitioner's motion to appoint counsel as moot. A certificate of appealability shall not issue. An appropriate Order follows.


Dated: September 21, 2021                                 /s Robert B. Kugler____
                                                          ROBERT B. KUGLER
                                                          United States District Judge